# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WAYNE DUKE KALBAUGH, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>OKLAHOMA CITY POLICE )<br>DEPARTMENT; JACOB JONES,)<br>Oklahoma City police officer, )<br>individual capacity; BRYAN )<br>WRIGHT, Oklahoma )<br>City police officer, individual )<br>and official capacity, )<br>)<br>Defendants. ) | Case No. CIV-16-1314-R |

## REPORT AND RECOMMENDATION

Wayne Duke Kalbaugh (Plaintiff) appears pro se and in forma pauperis, seeking relief under 42 U.S.C. § 1983 from two Oklahoma City Police Officers, Jacob Jones and Bryan Wright, in their individual and official capacities. Doc. 1, at 4, 6, 9; Doc. 5.[1] He alleges Defendants Jones and Wright used excessive force when taking him into custody. *Id.* at 10-12. He also names the Oklahoma City Police Department (OCPD) as Defendant. *Id.* at 4.

Plaintiff requests "Dismissal of all pinding chriminal charges and Thirty million dollars." *Id.* at 7.

---

[1] This report cites court filings by their electronic case filing designation and pagination. Unless indicated, quotations are verbatim.

United States District Judge David L. Russell has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4.

## I. Screening.

Federal law requires the court to screen complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In addition, because Plaintiff is proceeding in forma pauperis, the court has an ongoing duty to consider the sufficiency of his claims. *See id.* § 1915(e)(2). The court must dismiss any frivolous or malicious claim, any claim asking for monetary relief from a defendant who is immune from such relief, or any claim on which the court cannot grant relief. *Id.* §§ 1915A(b), 1915(e)(2)(B).

A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556); *see also Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. And, "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court may not, however, serve as Plaintiff's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Consistent with this screening mandate, the undersigned has reviewed Plaintiff's pleadings and, for the following reasons, recommends summary dismissal of: (1) Plaintiff's claims against the OCPD; (2) Plaintiff's claims against Defendants Jones and Wright in their official capacities; and (3) Plaintiff's claims for habeas corpus relief.

## II. Analysis.

### A. The OCPD is not a legally suable entity.

Police departments "are not legally suable entities . . . ." *Lindsey v. Thomson,* 275 F. App'x 744, 747 (10th Cir. 2007). *See also Ketchum v. Albuquerque Police Dep't,* No. 91-2200, 1992 WL 51481, at *2 (10th Cir. March 12, 1992) (unpublished op.) (Municipal police departments "are not suable entities under § 1983, because they lack legal identities apart from the municipality."). Plaintiff fails to state a claim against the OCPD on which this court can grant relief.

3

### B. Official capacity claims.

"Suing individual defendants in their official capacities under § 1983 . . . is essentially another way of pleading an action against the county or municipality they represent." *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). In order to sufficiently allege such a claim, Plaintiff must effectively describe "official policy or custom [that] was both deliberately indifferent to his constitutional rights and the moving force behind his injury." *Id.* Because Plaintiff has not done so here, he fails to adequately state a claim upon which relief can be granted against Defendant Jones and Wright in their official capacities.

### C. Habeas corpus.

Plaintiff's claim for habeas relief is not cognizable under § 1983. A federal challenge to his custody must be by writ of habeas corpus after full exhaustion of all available state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement . . . .").

## III. Recommendation and notice of right to object.

The undersigned recommends dismissal without prejudice under 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(ii) of: (1) Plaintiff's claims against

Defendant OCPD; (2) Plaintiff's claims against Defendants Jones and Wright in their official capacities; and (3) Plaintiff's claims for habeas corpus relief.

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before December 27, 2016, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Because Plaintiff's claims for monetary relief against Defendants Jones and Wright in their individual capacities remain for further proceedings, this report does not terminate the referral of this matter.

**ENTERED** this 7th day of December, 2016.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE