# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WAYNE DUKE KALBAUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-1314-R |
| | ) | |
| OKLAHOMA CITY POLICE | ) | |
| DEPARTMENT; JACOB JONES, | ) | |
| Oklahoma City police officer, | ) | |
| Individual capacity and official | ) | |
| capacity; BRYAN WRIGHT, | ) | |
| Oklahoma City police Officer, | ) | |
| individual and official capacity, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff filed this action on November 17, 2016, asserting violation of his civil rights, specifically that he was subjected to excessive force during his arrest by Oklahoma City police officers. The named Defendants were the Oklahoma City Police Department, Officer Jacob Jones, sued in both his individual and official capacities, and Officer Bryan Wright, also of the Oklahoma City Police Department. Pursuant to 28 U.S.C § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Suzanne Mitchell for preliminary review. On December 7, 2016, Judge Mitchell issued a Report and Recommendation wherein she recommended certain of Plaintiff's claims be dismissed upon filing. Her Report and Recommendation did not recommend dismissal of Plaintiff's claims against Defendants Jones and Wright, in their individual capacities. The matter is currently before the Court on Plaintiff's timely objection to the Report and Recommendation, giving rise to the Court's obligation to undertake a *de novo* review of any portion of the Report and Recommendation to which Plaintiff makes specific objection. Having conducted this *de novo*

review, the Court finds as follows.

Plaintiff asserts he was subjected to excessive force during his arrest and seeks dismissal of the pending charges against him and thirty million dollars as relief. Judge Mitchell, citing 28 U.S.C. § 1915A(a) and § 1915(e)(2), screened the Complaint. As a result, she recommended that the Oklahoma City Police Department be dismissed, because it is not an entity that is subject to suit. She further recommended that Plaintiff's claims against Officer Jones and Officer Wright, in their official capacities be dismissed. This dismissal was based on the fact that a suit against a city employee in his official capacity is the same as suing the City, here the City of Oklahoma City. The City can only be held liable for Plaintiff's excessive force claims if he alleges that his rights were violated pursuant to an official policy or custom, as set forth in the Report and Recommendation. Finally, Judge Mitchell concluded that because Plaintiff sought dismissal of the pending charges that a portion of his Complaint was an attempt to state a claim for habeas corpus relief, which requires a petition after exhaustion of state remedies, not a suit under § 1983. Petitioner's objection merely states that he objects to dismissal of the lawsuit and that he has been denied access to a law library while detained in the Oklahoma County Jail.

The Court hereby ADOPTS the Report and Recommendation. Mr. Kalbaugh is hereby granted leave to file an amended complaint to set forth additional facts and claims, should he desire. As stated above, however, the claims against the individual officers have not been dismissed. Any amended complaint should limit the request for relief to relief proper under 42 U.S.C. § 1983. If Plaintiff wishes to include a claim or claims regarding his lack of access to a law library, he may do so, although the Court makes no conclusions regarding the validity of any such claim. For the reasons stated herein, the Report and Recommendation is hereby adopted. The Oklahoma City Police Department and Officers Jones and Wright, in their official capacities, are

hereby dismissed. Should Plaintiff desire to file an amended complaint he may do so not later than January 21, 2017.

**IT IS SO ORDERED** this 15th day of December, 2016.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE