IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WAYNE DUKE KALBAUGH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OKLAHOMA CITY POLICE )<br>DEPARTMENT; JACOB JONES,)<br>Police Officer , individual )<br>capacity; BRYAN WRIGHT, )<br>Police Officer, individual )<br>capacity, )<br>)<br>Defendants. ) | Case No. CIV-16-1314-R |

## REPORT AND RECOMMENDATION

Wayne Kalbaugh (Plaintiff), appearing pro se, has filed a Motion for Judgment by Default against the two remaining Defendants, Jacob Jones and Bryan Wright, both in their individual capacities, in this action for monetary relief under 42 U.S.C. 1983. Doc. 39.

Plaintiff advances two arguments. First, while he acknowledges that both Defendants have answered his amended complaint, he claims they failed to do so on a timely basis. *Id.* at 1-2. Plaintiff, however, overlooks certain provisions in the Order Requiring Service and Special Report in this matter. Doc. 19.

Under that Order, the Special Report was due sixty days after the first Defendant was served. *Id.* ¶ 3. Here, as Plaintiff recites, Doc. 39, at 2, both

Defendants were served on March 14, 2017. Docs. 26, 27. Because the sixtieth day after March 14, 2017, fell on Saturday, May 13, 2017, the sixty-day time period "continue[d] to run until the end of the next day that [wa]s not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). That day was Monday, March 15, 2017, and, as Plaintiff again agrees, Doc. 39, at 2, the Special Report was duly filed on that date. Doc. 30. Defendants then filed their answer, Doc. 37—as Plaintiff admits—on May 25, 2017, Doc. 39, at 2, once again in full compliance with the undersigned's instruction in the Special Report order that "Defendant(s) shall not file the answer and/or dispositive motion until ten (10) days following the filing of the Special Report." Doc. 19, ¶ 4.

Plaintiff's second argument—that Defendants have failed to answer in their official capacities—also falls short. Doc. 39, at 2. As Plaintiff well knows, the undersigned recommended the dismissal of his official capacity claims against these two Defendants because he failed to "effectively describe 'official policy or custom [that] was both deliberately indifferent to his constitutional rights and the moving force behind his injury.'" Doc. 11, at 4 (quoting *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010). Judge Russell adopted that recommendation and *dismissed* Defendants "Jones and Wright, in their official capacities" from this action. Doc. 15, at 2-3.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Defendants Jones and Wright, in their individual capacities, are the only remaining Defendants in this action, and Plaintiff has not established that they failed to answer his amended complaint in a timely manner. For these reasons, the undersigned recommends the denial of Plaintiff's Motion for Judgment by Default. Doc. 39.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of Court by June 28, 2017, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report does not terminate the referral of this matter.

ENTERED this 8th day of June, 2017.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE