## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| WAYNE DUKE KALBAUGH, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. CIV-16-1314-R |
| JACOB JONES and BRYAN WRIGHT, | ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on Plaintiff's timely objection to the June 8, 2017 Report and Recommendation issued by Judge Suzanne Mitchell, wherein she recommends that Plaintiff's Motion for Default Judgment be denied. The objection gives rise to this Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Plaintiff makes specific objection. Having considered the Report and Recommendation and objection thereto, the Court finds as follows.

Plaintiff filed this action on November 17, 2016, alleging he was subjected to excessive force during his arrest by Oklahoma City police officers. On December 15, 2016, the Court adopted a Report and Recommendation entered by Magistrate Judge Suzanne Mitchell wherein she recommended that the Oklahoma City Police Department be dismissed, as it lacks the capacity to be sued. The Court further adopted her recommendation of dismissal of the claims against Defendants Jones and Wright, in their official capacities, because Plaintiff failed to allege any policy or custom of the City was the driving force behind their actions. The Court permitted Plaintiff to amend his complaint and re-referred the action to Judge Mitchell for further

proceedings.

On January 12, 2017, Plaintiff filed an Amended Complaint naming in the caption Defendants Jones and Wright, not indicating specifically whether he sought relief against them in their individual or official capacity. In the body of the Amended Complaint, however, he indicated both men were being sued in individual and official capacities by marking the box indicating "both." Thereafter Judge Mitchell issued an Order requiring service of the Amended Complaint and the filing of a special report by the Defendants. After Defendants filed the Special Report and answered the Amended Complaint, Plaintiff filed a Motion for Judgment by Default (Doc. No. 39). Therein he asserts that the Defendants, in their individual capacities, were untimely in filing the Special Report and their Answers. With regard to the official capacity claims, Plaintiff argues the Defendants defaulted by only responding to his Amended Complaint in their individual capacities. The June 8, 2017 Report and Recommendation recommends the Court deny the motion. (Doc. No. 40). The Court hereby adopts the Report and Recommendation to the extent that it recommends denial of the motion. The Court's explanation, however, varies from the explanation offered by Judge Mitchell as explained herein.

With regard to Plaintiff's claims against Defendant Jones and Wright in their individual capacities, Judge Mitchell correctly concludes Plaintiff is not entitled to default. The January 25, 2017 Order issued by Judge Mitchell required service by Plaintiff and a Special Report and Answer from Defendants. Contrary to Plaintiff's contentions in his objection, the Order specifically states, in numbered paragraph (3) on page 2, that "[t]he Special Report is due no later than sixty (60) days from the date on which the first Defendant is served." Doc. No. 19, p. 2. Numbered paragraph (4) states that Defendants "shall not file the answer and/or dispositive motion until ten (10) days following the filing of the Special Report." *Id.* Plaintiff's representations that he did not see these

instructions is irrelevant, as they exist in the Court record as set forth in Judge Mitchell's Order. Furthermore, he is incorrect that these instructions were directed to his original complaint, the Order having been entered after he filed his amendment thereto. Defendants Jones and Wright, in their individual capacities, responded in a timely and appropriate manner. The return on both summons indicate service on March 14, 2017. Sixty days thereafter was Saturday May 13, 2017. According to Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure, the time did not run until the next day that was not a Saturday, Sunday, or legal holiday, that is Monday May 16, 2017. The Special Report was timely filed on that date. *See* Doc. No. 30. On May 25, 2017, a timely answer was filed by Jones and Wright. Accordingly, as set forth in the Report and Recommendation, Plaintiff is not entitled to default judgment with regard to either Defendant Jones or Wright in their individual capacity. The Court turns to Plaintiff's claims against the Defendants in their official capacities.

Judge Mitchell correctly notes in the Report and Recommendation that the Court dismissed Plaintiff's claims against Defendants Jones and Wright in their official capacities on December 15, 2016. Plaintiff, however, was granted leave to amend and chose to amend to reassert claims against both Jones and Wright in their individual and official capacities, as described above. Accordingly, the Court declines to adopt the Report and Recommendation to the extent Judge Mitchell asserts therein that the only remaining Defendants, as of the time of its writing, were Jones and Wright in their individual capacities. The Court finds, however, that the official capacity claims are subject to dismissal under 28 U.S.C. § 1915(e)(2) and § 1915A(a), because Plaintiff's Amended Complaint did not cure his pleading deficiencies with his official capacity claims.

As noted in the December 15, 2016 Report and Recommendation, official capacity claims are another way of pleading a claim against the entity the individual represents, here the City of

Oklahoma City. "In order to sufficiently allege such a claim, Plaintiff must effectively allege an 'official policy or custom [that] was both deliberately indifferent to his constitutional rights and the moving force behind his injury.'" Doc. No. 11, Report and Recommendation at p. 4 (quoting *Porro v. Barnes*, 624 F.3d1322, 1328 (10th Cir. 2010)).The allegation in the Amended Complaint that "[b]oth officers were on official duties and acting in both official and individual capacity for the Oklahoma City Police Department" is insufficient to meet his obligation of pleading a policy or custom. Accordingly, the Court hereby DISMISSES Plaintiff's claims against Defendants Jones and Wright in their official capacities. As a result, his Motion for Judgment by Default is MOOT and therefore DENIED with regard to Plaintiff's official capacity claims.

For the reasons set forth herein, the Court hereby DISMISSES Plaintiff's claims against Defendants Jones and Wright in their official capacities, DENIES Plaintiff's Motion for Judgment by Default as MOOT, and adopts the Report and Recommendation to the extent it is consistent with the above.

**IT IS SO ORDERED** this 29th day of June 2017.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE