# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| WAYNE DUKE KALBAUGH, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. CIV-16-1314-R |
|  | ) |  |
| JACOB JONES and BRYAN WRIGHT, | ) |  |
|  | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## ORDER

This matter comes before the Court on Plaintiff's timely objection to the October 2, 2018 Report and Recommendation issued by Judge Suzanne Mitchell, wherein she recommends that Plaintiff's Motion for Summary Judgment be denied and that Defendants' Motion for Summary Judgment be granted. (Doc.No. 118). The objection gives rise to this Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Plaintiff makes specific objection. Having considered the Report and Recommendation and objection thereto, the Court finds as follows.

Plaintiff alleges that he was subjected to excessive force by Oklahoma City Police Officer Jones and Officer Wright during his arrest on November 25, 2014, following a high-speed vehicle chase and Plaintiff's subsequent attempt to flee on foot. Judge Mitchel concluded the Defendants, against whom only individual capacity claims remain, are entitled to qualified immunity. Her conclusion was that, construed in the light most favorable to Plaintiff, the facts failed to establish that Defendant Jones or Defendant Wright violated Mr. Kalbaugh's constitutional rights. Judge Mitchell further recommended dismissal in Defendants' favor on the basis that Plaintiff's constitutional rights under the facts of this case were clearly established in November 2014. Citing *McCoy v. Meyers*, 887 F.3d 1034 (10th Cir. 2018), Judge Mitchell concluded that Plaintiff

presented a safety-threat and flight risk and that Defendants lacked sufficient time to recognize that Plaintiff no long posed a threat when they used force to subdue him; reasonable officers in their positions could conclude Plaintiff was not subdued when the allegedly excessive force was utilized and the law at the time of the arrest did not establish that using force against a person in Plaintiff's position violated the Fourth Amendment (Doc.No. 18, p. 18).

In his objection Plaintiff asserts Defendants are not entitled to qualified immunity and devotes much of his brief to addressing the legal issues without specifically challenging Judge Mitchell's conclusions. Plaintiff characterizes the facts in his objection in a manner inconsistent with the video evidence submitted. Although he is correct that he exited the vehicle and dropped weapons, the evidence does not establish that Plaintiff was no longer a threat: officers could not see what he might have stashed elsewhere on his person, nor did he cease moving. Rather, Plaintiff took off running away from the officers. To the extent Plaintiff contends he surrendered to Sergeant Deon, a member of the National Guard who is not a Defendant herein and who is not alleged to have acted under color of state law, the video establishes that even after Sergeant Deon stopped Plaintiff in his attempt to evade the Defendant officers, who were chasing him on foot, he was not subdued, but rather continued to fight.

The Court has conducted its *de novo* review of the Report and Recommendation and the Plaintiff's objection thereto. Having conducted this review, the Court finds no basis for altering or amending Judge Mitchell's thorough and well-written Report and Recommendation. Judgment shall be entered in favor of the Defendants Jones and Wright in their individual capacities.

**IT IS SO ORDERED** this 31st day of October 2018.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE